[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 18 DECEMBER 1992 DATE OF APPLICATION 18 DECEMBER 1992 DATE APPLICATION FILED 31 OCTOBER 1994*
DATE OF DECISION 27 JUNE 1995
Application for review of sentence imposed by the Superior court, Judicial District of Hartford/New Britain at Hartford. CT Page 8660
Martin Zeldes, Esq., for the Petitioner.
Carl E. Taylor, Esq., for the State.
BY THE DIVISION
The petitioner pled guilty to two counts of Robbery I, in violation of Conn. Gen. Stat. § 53a-134 (a)(4). The court imposed a sentence of 17 years to serve on each count to run concurrent with each other for a total effective sentence of 17 years.
The record indicates that a pre-sentence report was not prepared for this case. The robberies were of stores in the area and the petitioner used a gun.
At the hearing counsel for the petitioner argued that the present sentences must be compared to similar offenses. Counsel pointed out that no one was hurt in these robberies and that the petitioner cooperated with the Manchester police. The petitioner, when he spoke to the panel, admitted he did wrong and would accept his punishment.
The attorney for the state felt the petitioner has already received a great deal of consideration from the court. He noted that the petitioner was eligible to be sentenced to forty years and he received only seventeen. He urged upholding of the present sentence.
The court when it imposed the sentence took into consideration the petitioner's criminal history and the impact the crimes had on the victims, especially since a weapon was CT Page 8661 used in each crime. Although the court's reasons for imposing sentences is very skimpy, the record shows that the court had a preset number of years that it put on the case and that number was not offset by the information presented by the petitioner's counsel.
In reviewing this type of sentence structure, we find that it passes review under P.B. § 942. However, it is incumbent upon the sentencing courts to provide a clear and reasoned rationale for their specific sentences. A perfunctatory imposition of sentence devoid of reason fails to serve the needs of parties and the public interest in sentences that are proportionate and appropriate.
The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J. and Stanley, J., participated in this decision.